In re NEW YORK MUT. INS. CO.

In re BLEECKER.

(Supreme Court, Appellate Division, First Department.  May 7, 1897.)

RECEIVERS—ALLOWANCE FOR COUNSEL FEES.

Where the evidence shows that an order allowing $1,000 for the services of counsel, extending over 13 months, was insufficient, but does not show the time occupied by counsel, or the nature of the proceedings conducted by him, it will be reversed, and referred to a referee for further evidence.

Appeal from special term, New York county.

Proceeding for the voluntary dissolution of the New York Mutual Insurance Company.  From an order fixing the amount of compensation allowed to the receiver for his counsel, he appeals.  Reversed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

John Berry, for appellant.

INGRAHAM, J.  The receiver was appointed in this proceeding in December, 1894, and his account was presented to the court on January 15, 1896.  Services rendered by counsel for the receiver consisted in advice to the receiver, various applications to the court for instructions, including an application to pay to the stockholders dividends on the amount of stock held by them, and services in connection with an adjudication by which it was determined that the moneys in the hands of the receiver were not liable upon certain certificates of the company which had been issued, and which amounted to about $37,000 or $38,000.  The question as to the amount to be allowed to the receiver for the services of his counsel was referred to a referee, who reported that the receiver should be allowed for the services rendered the sum of $5,000.  Upon application to the court, that amount was reduced to $1,000, and it is from the order as it relates to this reduction that the receiver appeals.

The evidence as to the services performed by counsel for the receiver is quite indefinite.  Neither the time occupied by the counsel, the number of applications made to the court, the nature of the proceedings in which it was adjudicated that the funds in the hands of the receiver were not subject to the payment of these certificates of profit, nor whether opposition was made upon that application, is stated, so that it might be determined intelligently just what was the value of the services rendered by counsel.  If receivers and their counsel fail to present to the court the facts upon which a full allowance for services can be based, it is their own fault if the compensation allowed is inadequate.  We think, however, that even from the statement made before the referee the amount fixed by the court for the services, so far as detailed, was inadequate.  Such services extended over 13 months, involving advice to a receiver required in the proper performance of his duties, applications to the court for the payment of dividends, and applications to the court to determine the

liability of the funds in the hands of the receiver for certificates of profits aggregating upward of $37,000 or $38,000. From this statement sufficient appeared to justify the court in awarding a sum in excess of $1,000. The evidence is, however, so indefinite that it is hardly possible to fix the sum to be allowed without the danger that injustice will be done either to the receiver or his counsel, or to those entitled to the assets to be distributed.

The order appealed from will therefore be reversed, and the matter referred back to the same referee, to take further proof of the services rendered. No costs of this appeal. All concur.